**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALBERT ELIEZER MARTINEZ,** | : | **CIVIL ACTION NO. 1:23-CV-1056** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **ROSSMAN,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Albert Eliezer Martinez, alleges various civil rights violations by prison officials in Mahanoy State Correctional Institution ("SCI-Mahanoy") arising from an incident in which he was purportedly fired from his prison job after he asked his supervisors not to call him "Bin Laden." The case is before the court on Martinez's motion to compel discovery. The motion will be denied.

I.      **<u>Background & Procedural History</u>**

Martinez filed this case on June 19, 2023, and the court received and docketed his complaint on June 26, 2023. (Doc. 1). On July 5, 2023, the court dismissed all claims against defendant Mason for failure to allege personal involvement but directed that the complaint be served on all other defendants. (Doc. 6). The remaining defendants answered the complaint on August 31, 2023. (Doc. 11).

Martinez filed the instant motion to compel discovery on March 29, 2024. (Docs. 20-21). Martinez seeks production of two categories of documentary

evidence and one category of video evidence that he requested on December 7, 2023. (Id.) Defendants opposed the motion on April 18, 2024. (Doc. 24). Martinez has not filed a reply brief and the deadline for doing so has expired under the Local Rules. The court will analyze the parties' arguments for and against production of documents below.

## II.   Legal Standard

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. Fassett v. Sears Holding Corp., 319 F.R.D. 143, 149 (M.D. Pa. 2017). The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. Schiavone v. Luzerne County, 343 F.R.D. 34, 37-38 (M.D. Pa. 2023).

Generally, courts afford considerable latitude in discovery to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is

defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).  Furthermore, the

court may limit discovery if the discovery sought is unreasonably cumulative,

duplicative, or readily obtainable from some other source, the party seeking

discovery has had ample opportunity to obtain the information through discovery,

or the proposed discovery is outside the scope permitted by Rule 26(b)(1).  FED. R.

CIV. P. 26(b)(2)(C).

## III.    Discussion

We will consider Martinez's three discovery requests *seriatim*.  Martinez first

requests:

> Any and all grievances, complaints, lawsuits, or other documents
> received by the defendants or their agents at SCI-Mahanoy concerning
> racial discrimination, racial bias, and/or any other racial mistreatment
> by defendants Rossman and Roxby, and any memoranda, investigative
> files, or other documents created in response to such complaints, since
> being employed for the Pennsylvania Department of Corrections.

(Doc. 21 at 2).  Defendants argue that this request should be denied because it is

vague, overly broad, and unduly burdensome and because the information sought

in the request is not relevant to Martinez's claims.[1]  (Doc. 24 at 9-10).

We will deny this portion of the motion to compel discovery because Martinez

has not met his burden to show that the information sought is relevant to his claims.

See Fassett, 319 F.R.D. at 149.  Martinez does not advance any arguments as to how

---

[1] Defendants additionally argue that plaintiff's motion to compel discovery should be denied without prejudice as premature because he filed the motion before the discovery deadline and before defendants had finished supplementing their discovery responses.  The court will not address this argument because it finds that the motion to compel discovery is properly denied on other bases.

the requested discovery is relevant beyond the conclusory assertion that it is

"relevant to the claims and defenses in the case."[2]  (Doc. 21 at 2).  It appears to the

court that the only potential relevance of the requested information would be to

provide negative character evidence against defendants Rossman and Roxby—that

is, "evidence of a person's character or character trait" to prove "that on a

particular occasion the person acted in accordance with the character or trait."  See

FED. R. EVID. 404(a)(1).  Such character evidence is generally inadmissible, see id.,

and the court cannot discern any other potential relevance that would allow this

information to be discoverable.  Hence, the court will deny the motion to compel

discovery with respect to Martinez's first request because he has not shown that the

information requested is relevant to this case.

> Martinez's second request seeks to compel production of:
>
> Any emails, notations, memoranda or communications that are in state
> owned servers that refer to the plaintiff's firing, grievance, alleged
> staff-out, investigation of plaintiff's claim, and witness statements of
> the incident from January 28, 2022 until plaintiff's final appeal to
> Central Office on May 16, 2022.

(Doc. 21 at 2).  Defendants note that they originally objected to this request but later

supplemented the response and provided additional documentation.  (Doc. 24 at 10).

Defendants represent that "no further documents" responsive to the request are in

their possession.  (Id.)  Martinez has not rebutted these assertions through the filing

---

[2] Martinez's brief notes that the information sought is relevant "as explained below," but the remainder of his brief simply provides verbatim reproductions of his original discovery requests, general statements of the legal standard courts apply to motions to compel discovery, and a conclusion in which Martinez requests that the motion be granted.  (See Doc. 21 2-4).

of a reply brief or any other documents.  The court will accordingly deny this

portion of the motion to compel discovery as moot because it appears that

defendants have fully complied with the discovery request.

> Martinez's final discovery request seeks production of:

> Any and all video stored footage on February 8, 2022 at SCI-Mahanoy
> of JA-Unit from the working hours of 8:00 A.M.-to-4:00 P.M. and any
> and all video stored footage from January 27, and 28, 2022 at SCI-
> Mahanoy's C.I. Shop (Commissary Industry shop) from the working
> hours of 7:00 A.M.-to-2:00 P.M.

(Doc. 21 at 2).  Defendants represent that no video evidence responsive to this

request exists because any such evidence was destroyed pursuant to routine

retention practices of the Pennsylvania Department of Corrections.  (24 at 11).  The

court will deny this portion of the motion to compel discovery.  Martinez has not

rebutted the representation that the relevant video evidence no longer exists.  The

court "cannot compel the production of things that do not exist.  Nor can the court

compel the creation of evidence by parties who attest that they do not possess the

materials sought by an adversary in litigation."  Tech v. United States, 284 F.R.D.

192, 198 (M.D. Pa. 2012).

## IV.   Conclusion

We will deny Martinez's motion to compel discovery without prejudice.  An

appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 10, 2024